UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

N⁰ 07-CV-4524 (JFB)
_____

CHRISTOPHER SILENT,

Petitioner,

VERSUS

KENNETH PERLMANN,

Respondent.

_____

MEMORANDUM AND ORDER
November 25, 2008
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner Christopher Silent (hereinafter, "Silent" or "petitioner") petitions this Court for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, to vacate his conviction for one count of robbery in the second degree. A judgment of conviction was rendered by the Nassau County Court following petitioner's guilty plea on August 18, 2003. Petitioner was sentenced, as a prior violent felony offender, to a term of seven years' imprisonment, to be followed by five years of post-release supervision. For the reasons set forth below, Silent's petition for a writ of *habeas corpus* is denied in its entirety.

I. BACKGROUND

A. The Facts

The Court has adduced the following facts from the instant petition and underlying state court record.

1. The Attempted Robbery

On August 9, 2002, petitioner and two other individuals, Jerome Murphy and Barrington Rainford, robbed at gunpoint a Citibank Branch at 670 Merrick Avenue in East Meadow, New York. Petitioner was known and identified to have been at the bank on the day in question because a latent fingerprint was lifted from a Citibank deposit slip (*See* Exhibit A.) Additionally, there was an eyewitness identification of the perpetrators of the crime by Dominic Ceruoni, a Citibank branch teller, and images of the perpetrators were recovered by a surveillance video camera on the day of the

robbery. Petitioner was arrested on October 30, 2002. On October 31, 2002, petitioner made an oral and written statement in the police precinct admitting to the commission of the robbery.

2. Petitioner's Plea Proceeding in the County Court of Nassau County, New York

On June 16, 2003, petitioner appeared before the Nassau County Court, having reached a plea agreement with the prosecution. (Tr.[1] 2.) Petitioner pleaded guilty to a violation of Section 160.10 subdivision 1 of the Penal Law, class C violent felony, one count of robbery in the 2nd degree. (Tr. 2.) The plea was contingent upon petitioner waiving his right to appeal and agreeing to pay restitution. (Tr. 3.) The prosecutor asked the court to accept the plea under those conditions with petitioner's counsel joining in the application. (Tr. 3.)

At the commencement of the plea proceedings with petitioner and his two co-defendants, the Honorable Richard A. LaPera stated, "Gentlemen if you don't understand anything, ask questions to your attorney, and, if I'm able to, I'll explain it to you." (Tr. 4.) The Court informed petitioner that upon pleading guilty, he would be sentenced to no more than seven years' imprisonment, to be followed by five years of post-release supervision by stating, "Now, you are all going to be pleading guilty to robbery in the second degree as [a class] C violent felony. Mr. Murphy, my commitment to you is going to be five years determinate, five years post-release supervision, any fines by civil judgment. Mr. Silent, my commitment to you is seven years with five years post-release supervision. And, Mr. Rainford, my commitment to you is three and a half years with five years post-release supervision." When the Court inquired, "Has anyone made any different commitment for each individual that I just said?," petitioner replied, "No." (Tr. 4.)

Moreover, the Court told petitioner that he was entitled to a jury trial and that he had the right to an appeal should there be a conviction, but that those rights would be waived if petitioner were to enter a guilty plea. The Court explained to petitioner the following: "Under New York State law, you are entitled to a jury trial and you are entitled to appeal my sentence, but, in order to enter this plea bargain arrangement, you must knowingly and willingly waive these constitutional rights." (Tr. 5.) When the Court inquired, "Mr. Silent, did you also sign this knowingly and willingly?," petitioner responded "Yes." (Tr. 5.) The Court then inquired whether petitioner had "taken any drugs, alcoholic beverages or stimuli that would prevent [him] from understanding these proceedings." (Tr. 6.) Petitioner responded, "They don't allow that in jail. No, your Honor." (Tr. 6.) The Court then asked, "And this plea is completely voluntary on your part, gentlemen?" (Tr. 6-7.) Petitioner replied, "Yes." (Tr. 7.) The Court then verified that petitioner was represented by his attorney and inquired whether there were any physical or mental reasons why petitioner would not be able to take the plea. (Tr. 7.) Petitioner replied, "No, [Y]our Honor." (Tr. 7.)

The Court explained to petitioner the following: "The plea is based on several factors. Number one, cooperate with Probation, get a Probation report. Number two, do not get rearrested before [the] sentencing date. If you violate one or more of these conditions, then I shall have the right to sentence you as I see fit, and you will not have a right to withdraw your plea. Also, where there is a prior felony offender, whoever has been convicted of a prior felony, you must admit to that felony today, and that

---

[1] "Tr." refers to the transcript of the plea proceedings in the underlying criminal action.

2

would make it part of our plea bargain arrangement." (Tr. 5-6.) The Court continued, "You understand, if you are found guilty of another felony, in the next ten years, it could increase your monetary jail time; do you understand that?", to which petitioner responded, "Yes." (Tr. 7.) After first inquiring of defendant Murphy as to how he pleaded, the Court turned to petitioner. The Court asked, "Mr. Silent, the same date, same location, how do you plead to robbery in the second degree, C violent felony, in which you, together with other individuals, being aided and abetted did forcibly steal from another person property owned by Citibank without their permission and without their consent, how do you plead to this charge?" (Tr. 8.) Petitioner answered, "Guilty." The Court later reminded the defendants, "As I mentioned before, by pleading guilty to a felony, if you are found guilty of another felony in the next ten years it could increase your mandatory jail time." (Tr. 8.)

Addressing two of the defendants, the Court then stated, "Listen carefully, Mr. Murphy and Mr. Silent." (Tr. 8-9.) The clerk of the Court then continued, "Regarding PFO, Mr. Silent, the District Attorney of Nassau County filed an information charging you with being a second felony, violent felony offender, in that, on or about the 7th day of July, 1993, County of Queens, State of New York, said defendant was duly by law convicted upon his plea of guilty of the crime and felony of robbery in the second degree, 160.10 subdivision 1, and judgment was entered thereon. Do you admit, deny, or stand mute to that, sir?" (Tr. 9.) Petitioner responded, "I admit." (Tr. 9.) The Court clerk proceeded, "Mr. Silent, you now wish to withdraw your previously entered plea of not guilty and now plead guilty to robbery in the second degree; yes or no, sir?" (Tr. 10.) Petitioner responded, "Yes." Requiring confirmation, clerk asked, "You plead [guilty] or not guilty, sir?," to which petitioner replied, "Yes, guilty." (Tr. 10.) Only then was petitioner's guilty plea to robbery in the second degree accepted by the Court. (Tr. 10).

On August 18, 2003, petitioner and his attorney, Lori Golombek, Esq., appeared for sentencing. Petitioner was invited to address the Court, but declined to do so. The Court ordered a determinate sentence of seven years' incarceration with five years of post-release supervision. (Sent.[2] 3.) By civil judgment, the Court ordered petitioner to pay restitution in the amount of $949.34, as well as a fine of one thousand dollars, a $200 surcharge and $10 crime victim's fee. (Sent. 3.) This was the sentence petitioner had negotiated as part of the plea agreement. (Tr. 4.)

B. Procedural History

As noted above, following his guilty plea, petitioner was convicted on August 18, 2003 by the County of Court of Nassau County of one count of robbery in the second degree (New York Penal Law [hereinafter, "N.Y.P.L."] § 160.10 [1]) and sentenced, as a second violent felony offender, to a seven-year definite term of imprisonment, to be followed by five years post-release supervision. (Sent. 2-3.) As part of his plea bargain, petitioner waived his right to appeal. (Tr. 5.)

Petitioner filed a post-judgment motion to vacate the judgment in Nassau County Court on June 10, 2004, alleging that his attorney provided ineffective assistance of counsel because of the following: (1) counsel did not move to suppress petitioner's statement or an identification of petitioner by a witness to the robbery; and (2) counsel improperly waived petitioner's speedy trial rights. On January 6, 2005, the Nassau

---

[2] "Sent." refers to the Minutes of Sentencing in the underlying criminal action.

County Court denied petitioner's motion. *People v. Silent*, 9 N.Y.3d 869, 840 N.Y.S.2d 898 (N.Y. 2007).

On January 5, 2005, the New York Supreme Court, Appellate Division, Second Department (hereinafter, "Appellate Division"), granted petitioner's motion for leave to file a late notice of appeal. Petitioner filed a notice of appeal on February 16, 2005. On March 10, 2005, the Appellate Division granted petitioner's motion for poor person status and assigned attorney Matthew Muraskin, Esq. to represent him on appeal. On November 2, 2005, the Appellate Division granted petitioner's motion for leave to appeal from the Nassau County Court's denial of his motion to vacate.

On June 16, 2006, petitioner appealed to the Appellate Division from both his judgment of conviction and the denial of his motion to vacate. Petitioner made the same claims raised in his motion to vacate, and additionally suggested that his plea was not made voluntarily, knowingly, or intelligently because the Nassau County Court had failed to enumerate all of the rights that petitioner was waiving pursuant to the plea agreement. In an order dated February 13, 2007, the Appellate Division affirmed the judgment of conviction and order of the Nassau County Court. The Appellate Division ruled that petitioner had failed to preserve for appellate review his contention that his plea of guilty and waiver of the right to appeal were defective. *People v. Silent*, 37 A.D.3d 625 (N.Y. App. Div. 2006).

Specifically, citing *People v. Nixon*, 21 N.Y.2d 338, 353 (1967), *cert denied sub nom. Robinson v. New York*, 393 U.S. 1067 (1969) for the proposition that there is no "uniform mandatory catechism of pleading defendants," the Appellate Division found that the transcript of the plea proceedings demonstrated that petitioner's plea was entered knowingly, intelligently, and voluntarily because "the [petitioner] acknowledged that he discussed the plea and waiver with his attorney, executed the waiver in open court, and indicated his understanding of the nature and consequences of the rights that he waived." *People v. Silent*, 37 A.D.3d at 625.

The Appellate Division further held that petitioner's claims of ineffective assistance of counsel were unrelated to the plea-bargaining process and, therefore, were forfeited by petitioner's guilty plea. *Id.* The Appellate Division found that defense counsel had procured an advantageous plea bargain which limited the defendant's term of imprisonment to the minimum sentence that could be imposed under the applicable law. Finally, the Appellate Division held that the Nassau County Court properly denied petitioner's claims that his trial counsel was ineffective as raised in his motion pursuant to CPL 440.10, because petitioner had "failed to meet his burden of demonstrating the absence of strategic or other legitimate explanations for his counsel's allegedly deficient conduct." *Id.* at 626. The conclusion of the Appellate Division was, therefore, that "counsel acted in a competent manner and exercised professional judgment." *Id.*

On February 16, 2007, petitioner made an application for leave to appeal to the New York Court of Appeals, repeating his claims regarding counsel's failure to move to suppress petitioner's confession, counsel's waiver of petitioner's speedy trial rights, and counsel's failure to preclude the identification of petitioner by a witness to the robbery. The New York Court of Appeals summarily denied petitioner's application for leave to appeal to the New York Court of Appeals on July 31, 2007. *People v. Silent*, 9 N.Y.3d 869 (N.Y. 2007).

On October 18, 2007, petitioner filed the instant petition before this Court for a writ of *habeas corpus*, dated September 26, 2007.[3] Petitioner challenges his conviction on grounds stemming from a claim of ineffective assistance of counsel. Silent alleges that he received ineffective assistance of counsel during the pre-trial stage because his attorney failed to demand *Huntley* and *Wade* hearings to suppress the bank teller's description of the robbers, as well as the sworn confession to the crime that petitioner made in the police precinct. Petitioner further alleges that, as a result of the ineffective assistance of counsel, his constitutional right to a speedy trial was violated and that the ineffective assistance impacts the voluntariness of his plea and sentence. Respondent argues that the petition is procedurally barred, or, in the alternative, fails on the merits.

For the reasons set forth below, petitioner's request for a writ of *habeas corpus* is denied in its entirety. First, his claim is procedurally barred because it was decided at the state level on an adequate and independent procedural ground, and petitioner has provided no basis for overcoming that procedural bar. Second, because petitioner pled guilty in County Court in Nassau County, New York, this admission of factual guilt, because it was made voluntarily and intelligently, renders all federal constitutional claims that are irrelevant to the plea itself likewise irrelevant to the constitutionality of his conviction. *See Haring v. Prosise,* 462 U.S. 306 (1983); *Menna v. New York*, 423 U.S. 61 (1975)*,* discussed *infra*. In any event, the Court has also considered the petition on the merits and concludes that petitioner has failed to demonstrate any basis for *habeas* relief.

## II. STANDARD OF REVIEW

To determine whether petitioner is entitled to a writ of *habeas corpus*, a federal court must apply the standard of review set forth in 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA,") which provides, in relevant part:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254. "'Clearly established Federal law' is comprised of the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Green v. Travis,* 414 F.3d 288, 296 (2d Cir.

---

[3] Though the petition was filed in the Clerk's office on October 18, 2007, the Court deems the petition filed on September 26, 2007, the date on which it was signed. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (holding that the notice of appeal of a *pro se* incarcerated litigant is deemed filed when delivered to prison officials for mailing); *see also Noble v. Kelly*, 246 F.3d 93, 98 (2d Cir. 2001) (concluding "that the district court properly extended the prison mailbox rule to petitions for writs of *habeas corpus*").

5

2005) (quoting *Williams v. Taylor,* 529 U.S. 362, 412 (2000)).

A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams,* 529 U.S. at 413. A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.*

AEDPA establishes a deferential standard of review: "a federal *habeas* court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Gilchrist v. O'Keefe,* 260 F.3d 87, 93 (2d Cir. 2001) (quoting *Williams,* 529 U.S. at 411). The Second Circuit added that, while "'some increment of incorrectness beyond error is required . . . the increment need not be great; otherwise, *habeas* relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence.'" *Gilchrist,* 260 F.3d at 93 (quoting *Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir. 2000)).

III. DISCUSSION

A. Procedural Bar

1. Adequate and Independent State Procedural Grounds

As a threshold matter, respondent argues that petitioner's claim of ineffective assistance of counsel is procedurally barred from *habeas* review by the Court. The Court agrees.

The Supreme Court has held that claims underlying a *habeas* petition may be procedurally barred from *habeas* review if they were decided at the state level on adequate and independent procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-33(1991). The purpose of this rule is to maintain the delicate balance of federalism by retaining a state's rights to enforce its laws and to maintain its judicial procedures as it sees fit. *Id.* at 730-31. In particular, the procedural bar applies when a state court's decision contains a "plain statement" that it is relying on an appropriate state law to deny a claim. *Michigan v. Long,* 463 U.S. 1032, 1042 (1983). The Supreme Court has consistently applied the *Long* rule since it was established. *See Harris v. Reed,* 489 U.S. 255, 261 (1989); *see also Ohio v. Robinette,* 519 U.S. 33, 37 (1996); *Pennsylvania v. Labron,* 518 U.S. 938, 941 (1996); *Arizona v. Evans,* 514 U.S. 1, 7 (1995); *Coleman,* 501 U.S. at 723; *Delaware v. Van Arsdall,* 475 U.S. 673, 678 (1986). The rule applies both to substantive and procedural state laws. *See Caldwell v. Mississippi,* 472 U.S. 320, 327 (1985) (applying the *Long* "plain statement" rule to a procedural state law). Further, "the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Id.*

In a case where a state court decision rests on an independent state law ground adequate to support the judgment, federal *habeas* courts defer to the "state's interest in enforcing its laws." *Garcia v. Lewis*, 188 F.3d 71, 76 (2d Cir. 1999) (quoting *Coleman*, 501 U.S. at 730-31). The state law ground is considered independent of the federal question where a state court explicitly relies on a state procedural bar and does not rest its application of the bar on its consideration of

the merits. *Murden v. Artuz*, 497 F.3d 178, 193 (2d Cir. 2007). Such independent ruling is adequate to support a judgment where the ruling is "firmly established and regularly followed" by the state courts. *Garcia*, 188 F.3d at 77 (quoting *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)).

Here, the Appellate Division held that, "by pleading guilty, [petitioner] forfeited appellate review of his claims of ineffective assistance of counsel, which did not directly involve the plea-bargaining process." *People v. Silent*, 37 A.D.3d 625 (2d Dept. 2007) (citing New York cases).[4] The court found that Silent's ineffective assistance of counsel claim was procedurally barred from review because firmly established New York state law mandates that a guilty plea results in the forfeiture of all claims unrelated to the validity of a petitioner's plea. *See People v. Petgen*, 55 N.Y. 2d 529, 535 n.3 (1982) ("Indeed it may be persuasively argued that even if there were but one attorney, if the ineffective assistance of counsel did not infect the plea bargaining process itself, the defendant, having admitted commission of the criminal act by his guilty plea, should be held to have forfeited any claim of ineffective assistance of counsel not directly involved in the plea bargaining process."); *People v. Cumba*, 32 A.D.3d 444, 444 (2d Dept. 2006) ("By pleading guilty, the defendant forfeited appellate review of his claims of ineffective assistance of counsel insofar as they did not directly involve the plea bargaining process."); *People v. Deale*, 29 A.D.3d 602, 603 (2d Dept. 2006) (rejecting defendant's ineffective assistance claims, in part, because "most of [them] relate to matters which did not directly involve the plea bargaining process"); *People v. Scalercio,* 10 A.D.3d 697 (2d Dept. 2004) ("By pleading guilty, the defendant forfeited appellate review of his . . . claims of ineffective assistance of counsel, which did not directly involve the plea bargaining process.").

Furthermore, the Appellate Division correctly applied the forfeiture rule because petitioner intelligently, voluntarily and knowingly plead guilty. (Tr. 5-7.) At the outset of the plea proceedings, the Nassau County Court advised petitioner that he should speak with his attorney if there was anything that he did not understand, and that the Court, too, would answer any questions the petitioner might have. (Tr. 4.) The Court advised petitioner of the sentence it intended to impose following petitioner's plea of guilty, and petitioner acknowledged that that sentence was the only commitment that had been made to him. (Tr. 4.) The Court then advised petitioner that he had the right to a trial by jury as well as the right to appeal, but that those rights would be waived by entry of a guilty plea. (Tr. 5.) Petitioner acknowledged that he had "knowingly and willingly" signed the form waiving his right to appeal, and upon questioning by the Court, stated that he was not under the influence of any substance that would prevent him from understanding the proceedings. (Tr. 6.) Petitioner then admitted that he and his two companions had forcibly stolen property from Citibank. (Tr. 8.)

---

[4] Although the New York State Court of Appeals issued a summary denial of petitioner's request for leave to appeal from the Appellate Division's affirmance of petitioner's conviction, the Appellate Division's decision may be relied on for purposes of applying the procedural bar. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991) (holding, *inter alia*, that where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground); *see also Levine v. Commissioner of Correctional Services*, 44 F.3d 121, 126 (2d Cir. 1995); *Udzinski v. Kelly*, 734 F. Supp. 76, 80-81 (E.D.N.Y. 1990).

The plea record demonstrates that petitioner was competent to proceed, that he was aware of the charges against him, and that he understood the nature of the constitutional rights he was foregoing by entering the plea. *Matusiak v. Kelly*, 786 F.2d 536, 543 (2d Cir. 1986), *cert. denied*, 479 U.S. 805 (1986). Petitioner's plea and attendant waiver of his right to appeal was manifestly voluntary and, pursuant to New York state law, resulted in the forfeiture of all future ineffective assistance of counsel claims that are unrelated to the plea-bargaining process.

Once it is determined that a claim is procedurally barred under state rules, a federal court may still review such a claim on its merits if the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice.[5] *Coleman*, 501 U.S. at 749-50 (citations omitted). A miscarriage of justice is demonstrated in extraordinary cases – for example, where a constitutional violation results in the conviction of an individual who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

If, however, the petitioner does not offer any information regarding cause for the default or a miscarriage of justice, the claim should be precluded. *See Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994); *accord Ward v. Hinsley*, 377 F.3d 719, 726 (7th Cir. 2004); *Rustici v. Philips*, 497 F.Supp.2d 452, 482 (E.D.N.Y. 2007). Petitioner made no attempt to assert his innocence and discredit the overwhelming evidence against him, evidence that includes not only the eyewitness statement by a bank teller present at the scene of the robbery, but also petitioner's latent finger print discovered at the Citibank after the robbery and surveillance video tape capturing petitioner and his co-defendants in commission of the crime. Nor does petitioner provide any other cause for his default. As a result, Silent's claim is procedurally barred on an independent and adequate state ground. In any event, even assuming *arguendo* that petitioner's ineffective assistance of counsel claim is not procedurally barred, the claim is substantively without merit, as set forth *infra*.

### 2. Petitioner's Guilty Plea Resolves the Question of his Factual Guilt

Even assuming *arguendo* that the petitioner's ineffective assistance of counsel claims were not procedurally barred, they nevertheless fail to bear on his petition for a writ of *habeas corpus* because of their irrelevance to the constitutionality of his conviction. *See Haring v. Prosise*, 462 U.S. at 321. "State law treats a guilty plea as 'a break in the chain of events [that] preceded it in the criminal process,'" *Id.* (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). Therefore, the conclusion that issues regarding motions to suppress evidence ordinarily may not be raised in a habeas proceeding following a plea of guilty does not rest on any notion of waiver, but rests on the simple fact that the claim is irrelevant to the constitutional validity of the conviction. *Haring* 462 U.S. at 321; *see also Menna v. New York*, 423 U.S. at 63 n.2 (finding that "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of

---

[5] Although the Appellate Division also ruled on the merits, that does not prevent application of the procedural bar, as the independent and adequate state ground doctrine applies even when the state court provides an alterative holding. *See Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir. 1990); *Eugene v. Payant*, No. 06-CV-6024 (SJF), 2007 WL 2116375, *3 (E.D.N.Y. Jul. 13, 2007).

punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt which do not stand in the way of conviction, if factual guilt is validly established.")

As a threshold matter, a petitioner who pleads guilty forfeits the right to argue issues collateral to the guilty plea. *Id.* This is because a plea of guilty "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir. 2006). Thus, once a defendant has admitted guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Indeed, once there has been an admission of guilt, "[t]he only proper focus of a federal *habeas* inquiry . . . is the voluntary and intelligent character of the guilty plea." *Amparo v. Henderson*, No. CV 86-4310, 1989 WL 126831, *2 (E.D.N.Y. Oct. 18, 1989) (quoting *Isaraphanich v. United States*, 632 F. Supp. 1531, 1533 (S.D.N.Y. 1986)). Petitioner's claims regarding pre-pleading constitutional violations could only be successful if petitioner established that they might have affected the voluntariness of his plea. *See Amparo*, 1989 WL 126831, at *2.

At the underlying plea proceedings, petitioner pleaded guilty to the crime of robbery in the second degree. Because his guilty plea resolved the question of his factual guilt, the only remaining constitutional claim meriting consideration is the voluntariness of petitioner's plea. Because petitioner's ineffective assistance of counsel claims relate to actions regarding evidentiary and state speedy trial issues that he now wishes his attorney had or had not taken, these issues do not relate to the voluntariness of his guilty plea and do not affect the constitutionality of his conviction. *See Tollett*, 411 U.S. at 267 ("[I]t is likewise not sufficient that [petitioner] show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings."); *cf. Hayes v. Tracy,* No. 03CV5237 (SLT), 2005 WL 486912, *6 n.7 (E.D.N.Y. Jan. 11, 2005) (finding ineffective assistance of counsel claim regarding counsel's failure to file motion to sever "irrelevant in light of Petitioner's guilty plea"). In any event, even if the Court construes petitioner's ineffective assistance claim regarding the pre-trial motions as relating to the voluntariness of his plea, his claim fails on the merits for the reasons set forth below.

B. Analysis of the Merits

Although petitioner's ineffective assistance of counsel claim is procedurally barred as discussed *supra*, this Court, in an abundance of caution, has considered the merits of petitioner's arguments and has found that none of his claims present a basis for *habeas* relief.

The Supreme Court has held that, under the Due Process Clause of the United States Constitution, a trial court can only accept a guilty plea which is "done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Adams*, 448 F.3d 492, 497 (2d Cir. 2006) (quoting *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005)); *accord Godinez v. Moran*, 509 U.S. 389, 400 (1993). Normally, a guilty plea may not be collaterally attacked, since it constitutes an admission to all elements of the charged crime. *Salas v. United States*, 139 F.3d 322, 324 (2d Cir. 1998). However, a defendant may challenge a guilty plea on the grounds that it was not made knowingly and voluntarily. *United States v. Simmons*, 164 F.3d 76, 79 (2d Cir. 1998).

Silent contends that he received ineffective assistance of counsel and specifically argues that

9

counsel was ineffective because of the following: (1) he failed to move for the suppression of petitioner's police precinct confession and the eyewitness identification of petitioner by a witness to the Citibank robbery; and (2) counsel waived petitioner's speedy trial rights.

Under the standard promulgated in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." With respect to the voluntariness of petitioner's guilty plea, the plea "is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice," and the Court draws no distinction between retained and appointed counsel in this regard. *Cuyler v. Sullivan*, 446 U.S. 335, 344-45 (1980) (internal quotations omitted). Where a petitioner contends that a guilty plea was the result of ineffective assistance of counsel, the petitioner must satisfy the two-prong *Strickland* standard. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The first requirement is based on an objective standard of attorney competence. *Id.* at 58. Moreover, the first prong requires a showing that counsel's performance was deficient. However, constitutionally effective counsel embraces a "wide range of professionally competent assistance," and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). The performance inquiry examines the reasonableness of counsel's actions under all circumstances, keeping in mind that a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Greiner*, 417 F.3d at 319 (quoting *Rompilla v. Beard*, 545 U.S. 374, 389 (2005)). The second prong focuses on prejudice to the petitioner. In the context of a guilty plea, in order to satisfy the "prejudice" prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Finally, in this *habeas corpus* proceeding, it is the petitioner's burden to show that the state court applied federal law to the facts of his case in an objectively unreasonable manner. *See* 28 U.S.C. § 2254(d)(1); *Woodford v. Viscotti*, 537 U.S. 19, 25 (2002). Under § 2254(d)'s "unreasonable application" clause, a federal *habeas corpus* court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied *Strickland* incorrectly. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Rather, it is the *habeas* applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner, and an "*unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphases in original); *accord Bell v. Cone*, 535 U.S. at 694.

Thus, the petitioner is required to show both that trial counsel was ineffective and that there is a reasonable probability that the specific alleged errors by counsel affected the ultimate outcome. This Court proceeds to examine each prong in turn, keeping in mind that a *habeas* petitioner bears the burden of establishing both deficient performance and prejudice. *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004).

a. Deficient Performance Inquiry

1. Counsel's Failure to Move to Suppress Petitioner's Confession and Identification of Petitioner by a Witness to the Robbery

Petitioner argues that his attorney was deficient because counsel (1) failed to move for suppression of petitioner's police precinct confession and the eyewitness identification of petitioner by a witness to the robbery; and (2) counsel waived petitioner's speedy trial rights. However, those contentions fail based upon the Court's review of the record.

Petitioner first argues that counsel was deficient because she improperly failed to move to suppress petitioner's statement and a potential identification of petitioner by a witness to the crime. Specifically, petitioner contends that counsel should have demanded a hearing pursuant to *People v. Huntley*, 15 N.Y.2d 72 (1965), because his statement was taken despite his requests at the police precinct to be allowed to speak with an attorney. A *Huntley* hearing is a hearing to determine the admissibility of a statement made by a criminal defendant. *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 346 (2d Cir. 1998); *People v. Huntley*, 15 N.Y.2d 72 (1965).

Petitioner also states that a hearing pursuant to *United States v. Wade*, 338 U.S. 218 (1967) should have been held to establish that the description of petitioner given by a witness was inconsistent with the appearance of the perpetrators of the robbery captured on Citibank's video surveillance tape.

To demonstrate ineffective assistance of counsel regarding the failure to make a motion to suppress, "the underlying motion must be shown to be meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed." *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375-76 (1986)). Neither of petitioner's contentions regarding counsel's failure to file these pre-trial motions, however, is sufficient to establish ineffective assistance of counsel.[6]

First, petitioner's argument that his attorney was ineffective because his attorney did not move to suppress his confession is without merit because any such motion would have been substantially undermined by petitioner's signed statement, which represents that petitioner was fully advised of his constitutional rights and chose to waive them. Under such circumstances, any motion to suppress the signed statement on the part of petitioner's counsel would likely have failed and, therefore, does not constitute ineffective assistance of counsel. *See Mosby v. Senkowski*, 470 F.3d 515, 524 (2d Cir. 2006) ("[Petitioner] cannot maintain that the Fourth Amendment claim underlying his petition is meritorious, and his ineffective assistance claim on that issue fails accordingly."); *see also Hayes v. Tracy*, No. 03CV5237 (SLT), 2005 WL 486912, *6 (E.D.N.Y. Jan. 11, 2005) ("Petitioner has also not alleged how the eavesdropping warrant was defective, and therefore has not shown what he lost as a result of counsel's failure to challenge it.").

Given petitioner's signed statement with the advisement of rights, counsel might reasonably have believed that there was no likelihood of prevailing on a motion to suppress the statement on the grounds cited by petitioner. Moreover, counsel was aware that the other proof against petitioner included not only his photograph being taken by the bank's surveillance camera, but also his fingerprint, which was found on a deposit slip

---

[6] Moreover, although petitioner also contends that the Court failed to inform him that a guilty plea would result in the forfeiture of his right to move to suppress certain statements and evidence against him, there is no constitutional right to be notified of a right to bring a particular pre-trial motion.

11

in the Citibank that was robbed. In light of the significant evidence weighing against petitioner, it would not have been unreasonable for counsel to have concluded that petitioner would have been convicted at trial, even absent the evidence of petitioner's confession. Moreover, counsel could rationally have determined that petitioner's interests were best served by the negotiation of an advantageous plea bargain, rather than by making a motion for the suppression of petitioner's statement.

"Strategic choices of trial counsel 'are virtually unchallengeable' in habeas corpus proceedings." *Bonneau v. Scully*, 86 Civ. 270 (CSH), 1991 WL 90739, at *1 (S.D.N.Y. May 23, 1991), *aff'd*, 956 F.2d 1160 (2d Cir. 1992); *accord McKee v. United States*, 167 F.3d 103, 106 (2d Cir. 1999) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance.") (internal citations and quotations omitted). Given the totality of the circumstances, counsel should not be faulted for what was clearly a strategic decision not to file a suppression motion during the time that she was attempting to negotiate a favorable plea for Silent. *See Hayes*, 2005 WL 486912l, at *6; *see also Seow v. Artuz*, 98-CV-72 (NGG), 2007 WL 2890259, *10 (E.D.N.Y. Sept. 27, 2007) ("There is therefore insufficient evidence to show that counsel's decision . . . was anything other than a tactical choice made by trial counsel.")

Similarly, petitioner has not established that counsel's failure to move to suppress an identification of petitioner was unreasonable. Petitioner contends that counsel should have moved to suppress identification testimony from a bank employee because, according to petitioner, the employee's description of the bank robbers did not match the appearance of the robbers on the Citibank surveillance video. This is not, however, a legitimate legal basis for suppression of identification testimony,

and counsel was right to abstain from demanding a *Wade* hearing. *See Twitty v. Smith*, 614 F.2d 325, 333 (2d Cir. 1979). "The purpose of a *Wade* hearing is to determine [before] the trial whether pretrial identification procedures have been so improperly suggestive as to taint an in-court identification." *Id.* (citing *United States v. Wade*, 388 U.S. 218, 242 (1967)). A *Wade* hearing may be held when the prosecution notifies the defense that it intends to introduce identification testimony by a witness who has previously identified the defendant in accordance with N.Y.C.P.L. § 710.30(1).

Such challenges to identification testimony are only applicable, however, to a witness who has participated in an identification procedure, such as a police-arranged lineup or showup, and not to one who has simply provided a description not used at trial, as was the case here. *See generally Gilbert v. California*, 388 U.S. 263 (1967) (affirming that a post-indictment pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution). Because the basis on which petitioner would have had his counsel move for suppression was not a valid ground for that relief, counsel's failure to so move was not unreasonable. *See Mosby*, 470 F.3d at 524. In sum, although Silent faults his trial lawyer's failure to raise certain arguments, these arguments lack merit, and the performance of trial counsel was not deficient by failing to raise them. Accordingly, *habeas* relief on such ground is denied.

2. Counsel's Waiver of Petitioner's Speedy Trial Rights

Likewise, counsel's decision to waive petitioner's speedy trial rights was clearly strategic and did not render her assistance ineffective. Here, the waiver slips signed by counsel stated that the adjournments were for "conference." These slips clearly demonstrate that counsel's intention was not to rush to trial, but rather to confer with the prosecution for the

purpose of pursuing plea negotiations. Not only are consents to adjourn "…in fact commonplace where defense counsel is attempting to negotiate a plea," *Rosa v. United States*, 170 F. Supp. 2d 388, 401 (S.D.N.Y. 2001), but the pursuit of plea negotiations is "a reasonable strategic basis" for adjournment. *See Willson v. Berbary*, 421 F. Supp. 2d 589, 602 (W.D.N.Y. 2006); *see also Rosa*, 170 F. Supp. 2d at 401 (quoting *Mason v. Scully*, 16 F.3d 38, 42 (2d Cir. 1994)). Thus, the waiver of speedy trial rights is a strategy that may be imposed by a "reasonably competent attorney" and would fall within the wide range of appropriate professional assistance. *See, e.g., Reyes v. United States*, 2007 WL 2973591, *5 (E.D.N.Y. Oct. 10, 2007).

In sum, petitioner has failed to establish that counsel's performance fell below an objective standard of reasonableness. During the proceedings, counsel spoke intelligently on behalf of petitioner. At sentencing, she advised the court that she had read the presentence report and requested that the Nassau County Court adhere to the sentencing commitment made at petitioner's plea proceedings. (Sent. 2.) Most importantly, counsel successfully negotiated a plea in accord with which petitioner, a recidivist facing overwhelming proof of guilt, was sentenced to the minimum term of imprisonment for a single offense where he could have been sentenced to a significantly longer maximum term for each of two offenses.

b. Prejudice Inquiry

Although Silent's failure to show deficient performance disposes of his ineffective assistance claim, the Court also finds that even assuming *arguendo* trial counsel's performance was deficient, any alleged deficiencies in his trial counsel's performance did not result in prejudice to petitioner's case. "In evaluating the prejudice suffered by a petitioner as a result of counsel's deficient performance, the court looks to the 'cumulative weight of error' in order to determine whether the prejudice 'reache[s] the constitutional threshold.'" *Sommerville v. Conway,* 281 F. Supp. 2d 515, 519 (E.D.N.Y. 2003) (quoting *Lindstadt v. Keane*, 239 F.3d 191, 202 (2d. Cir. 2001)). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In his petition, Silent surmises that, had they been held, the hearings "could have affected the outcome of the case." (Petition at 5.) Petitioner's allegation is insufficient to establish a reasonable probability that he would not have pled guilty had counsel moved for pre-trial hearings. Indeed, petitioner's assumption fails to rise even to the level of a conclusory allegation, a level of allegation insufficient to demonstrate prejudice. *See Scott v. Superintendent, Mid-Orange Correctional Facility*, No. 03-CV-6383, 2006 WL 3095760, *9 (E.D.N.Y. Oct. 31, 2006) ("[C]onclusory allegations that a defendant would have insisted on proceeding to trial are generally insufficient to establish actual prejudice under *Strickland*.").

Indeed, there is no reasonable probability that the outcome of the case would have been any different if petitioner's statement and the witness identification had been suppressed, especially in light of other overwhelming evidence in the hands of the prosecution, evidence which included petitioner's fingerprint on a bank slip found at the scene and a surveillance video of petitioner and his cohorts committing the robbery. Even without his statement or an eyewitness identification, this evidence would have been sufficient to convict petitioner. Accordingly, petitioner's contention that the outcome of the case might have been different had counsel moved for *Huntley* or *Wade* hearing "cannot be supported." *See Mohamed v. Portuondo*, No. 97-CV-3735 (JBW), 2004 WL

884072, *12 (E.D.N.Y. March 11. 2004).

Finally, even the outcome of petitioner's plea bargain serves to demonstrate that counsel's failure to file pre-trial motions was not prejudicial. *See Hayes*, 2005 WL 486912l, at *6. Petitioner, a prior violent felony offender, was charged with two counts of robbery in the second degree. *See* N.Y.P.L. § 160.10 [1], [2] [b]. Petitioner faced a total of two terms of imprisonment – one for each offense – and each carried a minimum of seven years and a maximum of fifteen years in prison. *See* N.Y.P.L. § 70.04(3)(b). Given that counsel obtained the extremely advantageous sentence of seven years' incarceration for Silent's two offenses combined, "there is no reasonable probability that Petitioner would not have taken the plea agreement had counsel filed pre-trial motions." *See Hayes*, 2005 WL 486912, at *6; *see also Feliz v. United States,* No. 01 Civ. 5544 (JFK), 2002 WL 1964347, *7 (S.D.N.Y. Aug. 22, 2002) ("No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial.")

Similarly, with respect to the waiver of Speedy Trial rights, petitioner's papers lacks any effort to show that he was prejudiced by counsel's request for adjournments. *See*, *e.g.*, *United States v. Asubonteng*, 895 F.2d 424, 429 (7th Cir. 1990) ("[Petitioner] offers no explanation of how delaying the trial until January 3 could have influenced the case's ultimate conclusion."); *Rosa*, 170 F. Supp. 2d at 401 (finding no prejudice because the petition "provide[d] no basis for [that] conclusion"). In any event, petitioner cannot establish that, "absent the waiver, the result in this case would have been any different." *Rosa*, 170 F. Supp. 2d at 401. Therefore, there is no reason to conclude that, had the case proceeded more quickly, petitioner would have chosen not to plead guilty. In fact, by taking the time to negotiate with the prosecution, counsel allowed petitioner to obtain an extremely favorable plea bargain, especially given the charges he faced and the evidence against him. Had the proceedings advanced more expeditiously, petitioner would have risked losing at trial and serving a considerably longer prison term. Accordingly, counsel's strategic decision to waive petitioner's speedy trial rights benefitted him, rather than prejudicing his case. *See*, *e.g.*, *Asubonteng*, 895 F.2d at 429 ("If anything, [petitioner] should have been more prepared to try the case on January 3 than at an earlier date. [Petitioner] fails to satisfy either *Strickland* prong on this issue.").

In sum, counsel's decision to allow his client to enter into a plea agreement when the alternative of going to trial would likely have lead to a considerably lengthier sentence for Silent was not prejudicial. *See id.* Quite the opposite, petitioner's trial counsel clearly made a sound strategic and tactical determination, a determination that she was entitled to make, especially as it was in the best interests of her client. Given the overwhelming evidence of petitioner's guilt, the Court finds that there was no prejudice caused by counsel's actions. Thus, petitioner's claim as to trial counsel's ineffectiveness fails to meet the two-prong standard as required by *Strickland* and the Appellate Division's rejection of petitioner's ineffective assistance of counsel claims was neither contrary to nor an unreasonable application of federal law. As such, petitioner's request for writ of *habeas corpus* must be denied.

IV. Conclusion

For the foregoing reasons, petitioner has demonstrated no basis for relief under 28 U.S.C. § 2254. Petitioner has failed to point to any state court ruling that was contrary to, or an unreasonable application of, clearly established federal law, or that resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Accordingly, the instant *habeas* petition is denied. Because petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. See 28 U.S.C. § 2253(c)(2).

The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 25, 2008
Central Islip, New York